(126 So. 431)

No. 30347.

STATE v. COVINGTON et al.

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

Amos L. Ponder, Sr., of Amite, for appellants.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. Tony Covington, Charlie Rogers, and J. P. Covington, Jr., were jointly charged with the offense of robbery. On the trial of the case, the two first-named defendants were convicted and the last-named defendant was acquitted. The two defendants found guilty were sentenced to serve not less than three nor more than nine years in the penitentiary. They have appealed from their conviction and sentence.

There are twenty-one bills of exception in the record. However, our attention is directed by defendants' argument and brief to but four of these bills, which are the only ones that we will consider. These bills are Nos. 6, 7, 8, and 20.

Bill No. 6. This bill assigns as error a remark made by the trial judge to counsel for the defendants during the examination of one Rimm, a state witness. This witness under cross-examination alluded to one Carry, another state witness, concerning whom he was apparently being questioned, as "the other fellow." Counsel for defendants then asked the witness the following question, viz.: "You mean he is so bad that you cannot remember his name?" The district attorney objected to the question, and the trial judge thereupon remarked to counsel for defendants, "Colonel Ponder, if you want to testify about Mr. Carry's character take the stand." Defendants contend that the remark of the judge in the presence of the jury was highly prejudicial to them. However, they did not request the judge to instruct the jury to disregard the remark.

Counsel for defendants has failed to point out wherein the statement complained of has prejudiced his clients. For our own part, we see in it nothing more than a casual observation, not calculated to influence the jury. The remark was addressed solely to counsel, and in no way related to the guilt or

innocence of the defendants. The bill is untenable.

Bill No. 7. This bill assigns as error a ruling by the trial judge whereby he permitted, over defendants' objection, the admission in evidence of a certain letter received by the prosecuting witness from his daughter. The gravamen of defendants' complaint was that the contents of this letter and of another letter which the witness voluntarily stated he had also received from his daughter, requesting him to destroy the prior letter, were hearsay and irrelevant.

The letters were not attached to the bill of exceptions and are not in the transcript. They are therefore not before the court, and we are unable to form and express an opinion concerning their subject matter.

In order to test the force of defendants' objections, we should be informed on the entire evidence relative to the letters and their probable influence on the jury. This court cannot reverse the verdict merely upon the presumption that the letters themselves were prejudicial to the defendants' case.

Bill No. 8. This bill assigns as error a certain alleged improper remark by the trial judge during the cross-examination of a witness for the state. We do not find any merit in defendants' contention. The bill and note of evidence attached thereto show that the district attorney objected "to the manner in which counsel for defendants is trying to bulldoze and browbeat the state witness, and asks the court to put a stop to it." Replying to the objection, counsel for the defendants disclaimed any intention to browbeat the witness and stated that he was "trying to get the truth out of this old man." The trial judge then remarked, in effect overruling the objection of the state, "I think the witness is taking good care of himself." Counsel for de-

fendants excepted to the statement of the judge and reserved this bill.

The objection was merely a general one. No grounds are set forth in its support. Where objection is made to an action or ruling of the trial judge, the ground on which the objection is based should be clearly and specifically stated in the bill of exception. The defendants have not alleged or disclosed any injury by reason of the remark complained of. Nor have they shown that they requested the trial judge to direct the jury to disregard the remark.

Bill No. 20. This bill assigns as error the charge to the jury on the grounds that it was not a clear and specific definition of the crime of robbery; that it was too elaborate, vague, and indefinite; and that in two distinct instances the trial judge commented on the evidence.

Defendants' exception does not set forth wherein the definition of the crime of robbery as contained in the charge lacks clearness or specificness; nor does the exception disclose wherein the charge is too elaborate, vague, and indefinite. In those respects, therefore, the exception is too general to receive any consideration at the hands of the court.

The note of evidence attached to the bill shows that the defendants objected to the manner in which special charge No. 2 was given by the trial judge, alleging as the ground of their objection that the judge amplified and illustrated the requested instruction in a way that was virtually a comment on the evidence.

The record discloses that the defendant requested the trial judge to give two special charges to the jury. At a certain point in his general charge, the trial judge stated, "Gentlemen, the defendants have asked me to give you two special charges." The district at-

torney objected to charge No. 2. The judge then gave the special charges as follows, viz.:

"Charge No. 1, in regard to proof of being beaten up is not proof of robbery. The state must show there was an actual taking by force and with the felonious intent to steal."

"Charge No. 2. I charge you, gentlemen, that to constitute the crime of robbery the felonious intent to take the property must exist at the time, and that force or threatened force was used."

The trial judge then proceeded to modify the special charge by stating that he did not altogether agree with defendants' attorney that that was the law. The judge further charged: "If you go out with the intent of beating some man up, some one up, or murdering some person, or committing any other crime, and you do that, beat him up, may be not with the intention of robbing him or her; but after they have been beaten up, you then rob the person, that is robbery, even though the criminal intent of robbing them might not have been present at the time of the beating and wounding or whatever the crime might have been."

Defendants contend that in giving special charge No. 2 as modified or illustrated by him, the trial judge gave the exact case itself and thereby made a direct comment upon the evidence.

The record shows that the appellants took the prosecuting witness out in an automobile on a country road at nighttime, and there assaulted and beat him so violently that they left him for dead, one of the appellants remarking that, "the old S. B. is dead we might as well take what he has," whereupon they took a certain amount of money from his person and left him in the woods.

It is plain from defendants' contention and the facts as disclosed by the record that the charge as requested merely involved an abstract principle of law that was inappropriate to their case. The trial judge had the right to modify the special charge so as to make it applicable to the evidence submitted to the jury.

The charge itself was not a comment upon the facts, although the facts proved on the trial of the case may have been similar. The trial judge did not express an opinion on what had been proven nor assume a given state of facts as having been proven. He did nothing more than express his opinion of the law arising from a state of things which may, or may not, have been established before the jury.

Defendants further contend, in their argument before this court, that a particular statement in the charge relative to the weight to be given to the testimony of witnesses was an indirect comment upon the testimony and the credibility of the defendants.

The bill of exception and the note of evidence thereto attached shows, however, that defendants' objection was leveled only at the trial judge's alleged comment by illustration on the evidence, and not at that portion of his charge which is complained of in defendants' argument. If the statement in the charge in regard to the weight to be given to the testimony of witnesses was objectionable to the defendants, the objection should have been specifically and seasonably made, and an opportunity given the trial judge to correct the error. Since this was not done, the issue was not presented in a manner to be acted upon by either the trial judge or by this court.

The exception that the trial judge commented by illustration on the evidence has not been mentioned by defendants, either in brief or argument, and is too general to be entitled to our consideration.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J. (concurring). Regarding bill of exceptions No. 20, reserved to the judge's charge to the jury, my first impression was that the defendants' attorney's objection to the charge, as a comment upon the evidence, was intended as an objection to the judge's instruction that the jury should take into consideration, in weighing the testimony of the defendants, their interest in the case; but I find, after a careful reading of the record made by the stenographer at the time when the proceedings took place, that only two objections were made to the judge's charge, viz.: First, that the judge's definition of "robbery" was not in accord with the jurisprudence, and was misleading, confusing, and too elaborate, and, to a certain extent was a comment upon the evidence, by way of illustration; and, second, that, by way of amplification and illustration, the judge virtually destroyed special charge No. 2, requested by defendant. There was no objection made to the judge's reference to the defendants, as witnesses, and to their interest in the case. For which reason I concur in the opinion and decree.