189 So. 216

## HARDIS v. STATE.

### 4 Div. 445.

Court of Appeals of Alabama.
May 23, 1939.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

A. L. Patterson and W. R. Belcher, both of Phenix City, for appellant.

SAMFORD, Judge.

The defendant, who was jointly tried with two others on similar indictment, was charged with having feloniously taken one automobile truck of the value of $500, and meal of the value of $10, all of the aggregate value of $510, the property of I. N. Stewart, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same. This indictment was in the form as laid down in the Code of 1923, § 4556, Form 96, and is sufficient to charge the crime complained of.

We have in this State no Statute defining "robbery". The only Statute relative thereto, as applicable to this case, fixes the punishment for the crime of robbery as it exists at common law. Code of 1923, Section 5460. As defined by our decisions, robbery · is an offense against both person and property, and is briefly defined · as the felonious taking of money or goods of value from the person of another, or in his presence, by violence or by putting him in fear. Parks v. State, 21 Ala.App. 177, 106 So. 218. This would include the taking of an automobile, or truck, from the possession of the owner under such circumstances as would constitute a felonious· taking by violence or by putting him in fear.

It is seriously insisted by the appellant in this case that the only felonious taking testified to by the principal State's witness

was of a small amount of money, some cotton receipts, and a truck license.

 The evidence in this case has been read by each member of the Court, and while it reveals an unusual state of facts, if the jury believed the testimony of the injured party, Stewart, beyond a reasonable doubt, to the exclusion of all the other testimony in the case, they would be justified in reaching the conclusion that the truck and meal, as charged in the indictment, were forcibly taken from the person of Stewart in his presence, feloniously, by putting him in fear. In other words, if the testimony of Stewart is to be believed, to the exclusion of other testimony, beyond a reasonable doubt, it would tend to make out a case as laid in the indictment. However, the testimony of defendant's witnesses in contradiction of Stewart's testimony, together with the intoxicated condition of Stewart at the time and his acts during the period he was with this defendant and those jointly indicted with him and the confused state of his testimony, leads us to the conclusion that the jury failed to give due consideration to the whole testimony and that their verdict was the result of some influence not here apparent. The court is of the opinion that the Judge trying the case should, upon motion, have granted to the defendant a new trial. We think he is entitled to this so that another jury may pass upon the evidence and, for this reason, we hold that the trial court erred in refusing to grant the defendant's motion for a new trial.

 There were several questions asked by the defendant's counsel on cross examination of State's witness Stewart, after he had been recalled as a witness, to testify in rebuttal of some of the testimony given by defendant's witnesses. The cross examination of witnesses is largely within the discretion of the trial judge, but as to the particular questions raised by the questions asked at this time on cross examination we have to say; the questions might have been proper when Stewart was first examined as a witness, but being recalled in rebuttal, the questions asked would have been a re-hash of the examination of Stewart when he first testified. Clearly, the court committed no error in ending the examination by refusing to permit the asking of the questions.

 There appears in the Judgment Entry the following: "The defendant having interposed his plea of not guilty on arraignment, and issue being joined, thereupon comes the jury of twelve good and lawful men, to-wit: Forest A. Duncan, and eleven others, who, having heard all of the evidence offered upon the trial of this case, both for the State and the defendant, arguments by counsels and the charge of the court, do, on their oaths say: 'We the jury, find the defendant guilty as charged, and set his punishment at ten years.'"

It is insisted by appellant that the court committed error in pronouncing judgment and sentence upon the above finding of the jury, for the reason that the jury failed in its verdict to designate the place of punishment. The Statute, Code of 1923, Section 5265, designates the place of imprisonment and labor. It is not, therefore, necessary for the verdict of the jury to specify the place of imprisonment. McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Powell v. State, 7 Ala. App. 17, 60 So. 967, 970. In the latter case, on this identical question, this Court, speaking through Pelham, Judge, said: "The verdict is amply sufficient to support the judgment of conviction, and the court properly sentenced the defendant to imprisonment in the penitentiary."

After carefully considering this record, the judgment is reversed and the cause is remanded as above indicated.

Reversed and remanded.

BRICKEN, P. J., concurs in the conclusion reached in this case for the reasons as are set out by him in the case of Bill Carroll v. State, ante, p. 516, 189 So. 219.