142 So.2d 869

**James W. COBERN**

**v.**

**STATE of Alabama.**

**2 Div. 419.**

Supreme Court of Alabama.

April 5, 1962.

Rehearing Denied June 28, 1962.

548

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

———◆———

Mortimer P. Ames and B. Valentine Hain, Selma, for appellant.

SIMPSON, Justice.

Appellant was indicted, tried, and convicted of robbery and sentenced to death. The victim was Mamie Belle Walker, who operated Belle's Cafe on Alabama Highway 22 between Selma and Plantersville in Dallas County, Alabama. The property alleged to have been taken was a 1957 Chevrolet automobile belonging to Mamie Belle Walker.

The F.B.I. located appellant, a few days, later, in Chicago, Illinois, at which time he was in possession of the automobile of Mamie Belle Walker.

The circumstantial evidence, aside from appellant's confession, shows rather conclusively that he murdered Mamie Belle Walker, took some of her jewelry and her automobile, and left the state. The body was in a deplorable condition, her skull practically beaten to pieces, a 22-caliber rifle bullet wound in the chest which penetrated the body. The doctor testified that these two wounds were sufficient to cause death. Her body was otherwise bruised and mutilated, including the puncturing of her vaginal area, evidently with a poker found in the room, on which were vaginal hairs similar to those of the victim.

The appellant's main contentions for reversal are:

That the three essential elements of the offense of robbery, viz.: (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means taking and carrying away of the property of another from his person or in his presence, all these elements concurring in point of time, were not proven by the State. Citing Thomas v. State, 91 Ala. 34, 9 So. 81. His argument runs that there is nothing in the evidence to show that the taking of the property of the victim was the result of putting her in fear or the result of force, and that the probabilities from the evidence indicate that she was murdered some time before he took the automobile and that under these circumstances he could not be guilty of robbery.

Certain photographs of the victim's vaginal area were introduced in evidence, and to say the least, they were somewhat gruesome. The appellant argues that these photographs in no way shed any light on the issue of robbery, were calculated only to inflame the jury, and were therefore inadmissible.

There are other claims for a reversal, but they impress us as trivial. We treat the two main contentions in order and will only mention the others with minuscule treatment.

There is no statutory definition of robbery, but the common law definition prevailing as an offense in this state is the felonious taking of money or goods of value from the person of another or in his presence by violence to his person or by putting him in fear, etc. Parsons v. State, 251 Ala. 467, 38 So.2d 209.

With respect to the first contention for a reversal, the Thomas case, supra, does state the elements of robbery as above delineated, but those statements must be taken in context, and when so taken it becomes apparent that they are in no way controlling here. In that case the undisputed evidence shows the property taken

from the possession of the victim "was obtained from the prosecutor by artifice, and without violence or putting in fear; and that, after the possession had been thus peaceably obtained, it was retained, and the property carried away, by putting the prosecutor in such fear as prevented any effort on his part to regain it." (91 Ala. 35, 9 So. 81)

That case went on to say:

"The authorities are well-nigh uniform to the position that the violence or putting in fear which is an essential element of the crime of robbery must precede or be concomitant with the act by which the offender acquires the possession of the property. The offense is against both the person and against the property. In so far as it is against the person, it consists in personal violence or personal intimidation."

And further:

"If force is relied on in proof of the charge, it must be the force by which another is deprived of, and the offender gains, the possession." (91 Ala. 36, 9 So. 82)

■ From the evidence, both direct and circumstantial, there is no sort of doubt in the minds of the Court that the violence perpetrated on the victim preceded the taking of her automobile and other property. Dr. Shoffeitt testified that deceased died some twelve to eighteen hours before he saw her on December 6, 1959; that she bled to death. John Rasberry and Leighton Tyus left appellant alone with Mamie Belle Walker in her cafe, where she lived, at around 10:00 P.M. on December 5, 1959. Aubrey Morrison, police officer, stopped appellant in Maplesville around 1:00 A.M. Mrs. Jimmie Lou Little testified that she saw appellant around 1:30 A.M. and they drove him to a place between Belcher Lumber Company and Selma and that he got out and into another car and drove away. Eugene Little testified that appellant got Belle's car from in front of the cafe, and

the testimony of Mrs. Odessa Gay tended to show that Belle's car had been in front of the cafe at 12:10 A.M. She identified one car as belonging to Mamie Belle Walker and the other as a two-tone green car that someone had said was a Pontiac. The evidence further disclosed that the old car, a Pontiac, which appellant gave to his sister contained a bloodstained newspaper containing hairs similar to those of deceased, and was dated November 17, 1959. Testimony further disclosed that the stolen car was recovered while in possession of appellant in Chicago and he signed a voluntary confession. Hence, clearly the circumstances show that defendant made a fatal attack on the deceased and thereafter feloniously took her automobile from in front of her home and cafe. Just how many minutes or hours the attack preceded the taking of the automobile cannot be definitely fixed, but the interim was not long. The jury had the right to infer from the proven facts and circumstances that the robbery began when the attack took place and was consummated when defendant took the car and fled to Chicago. State v. Coe, 34 Wash.2d 336, 208 P.2d 863. The jury was authorized to infer that his traveling about after he killed Mamie Belle and delivered his old car to his sister and then returned to Belle's Cafe, was preparatory to the theft of her automobile and fleeing to Chicago.

■ Nor, under the best reasoned authorities, does the fact that the victim was dead at the time of taking her property militate against the conclusion of robbery. If the intervening time between the time of the murder and the time of taking of the property formed a continuous chain of events, the fact that she was dead when he took the property could not absolve the defendant from the crime of robbery. Coe's case, supra; Carey v. United States, U. S. Ct. of App., Dist. of Columbia Cir., 296 F.2d 422; Alaniz v. State, 147 Tex.Cr.R. 1, 177 S.W.2d 965; People v. Jordan, 303 Ill. 316, 135 N.E. 729; State v. Covington, 169 La. 939, 126 So. 431.

Nor, on a charge of robbery, must the stolen property be in the manucaption or on the person of the victim. It is sufficient if the property was taken from the victim's presence or personal protection. Hill v. State, 145 Ala. 58, 40 So. 654. Other states have held similarly:

"Where the property was in the control, custody, and protection of the person from whom it is alleged to have been taken, it is not necessary to sustain a conviction of robbery, that it should have been in actual physical contact with his person. Jenkins v. State (1917) 131 Ark. 312, 198 S.W. 877; Wood v. State (1929), 98 Fla. 703, 124 So. 44; O'Donnell v. People (1906) 224 Ill. 218, 79 N.E. 639, 8 Ann. Cas. 123; People v. Stathas (1934) 356 Ill. 313, 190 N.E. 661; State v. Calhoun (1887) 72 Iowa, 432, 34 N.W. 194, 2 Am.St.Rep. 252; Briggs v. State (1928) 108 Tex.Crim.R. 544, 2 S.W.2d 238; Ibeck v. State (1929) 112 Tex. Crim.R. 288, 16 S.W.2d 232." 123 A. L.R. 1100.

In line, therefore, with these well reasoned authorities we entertain the view that the car stolen from Mamie Belle's yard was taken from her presence within the meaning of that phrase as defined in the authorities.

Appellant brings very cogent argument that the photographs of the victim introduced by the State were inadmissible, shed no light on the matters at issue, and were but gruesome evidence, the sole effect of which was to inflame the jury. We do not think so, and even appellant in brief "acknowledges the fact that the Supreme Court of this state has been liberal in the admission of gruesome photographs into evidence, though the same be merely cumulative in nature." Robbery is a crime of violence and undoubtedly the photographs of the victim, even though unsightly, were admissible as tending to illustrate the gravity of the assault. By analogy see Johnson v. State, 272 Ala. 633, 133 So.2d 53(4); Reedy v. State, 246 Ala. 363(10), 20 So.2d 528.

We cannot pronounce error in the refusal of the trial court to exclude the testimony of Odessa Gray of seeing the vehicle of the same make and color as that belonging to appellant because her answer was based partly on hearsay. In her testimony Mrs. Gray identified the car belonging to Mamie Belle Walker and described the other car as a two-tone green car, but on cross-examination she admitted she did not know the model. We are not impressed that the failure to exclude that portion of the testimony was error to reverse, since both cars had been described by others. If there was any error, it impresses us as being without injury. Supreme Court Rule 45.

Appellant argues error to reverse in the refusal of the trial court to grant a continuance or a change of venue on account of an item in the Sunday edition of the Selma Times-Journal just two days prior to appellant's trial, carrying the news of the Psychiatric Board of Bryce Hospital pronouncing defendant legally sane. Such matters rest within the sound discretion of the trial court and its ruling thereon will not be disturbed except for gross abuse. We are unable to say that the newspaper article mentioned made a fair and impartial trial so unlikely as to require this court to overturn the ruling below. Goldin v. State, 271 Ala. 678, 127 So.2d 375.

Counsel are to be commended for the excellence of their briefs. The case was well tried. We have carefully searched the entire record for substantial error and find none.

Affirmed.

All the Justices concur except STAKE-LY, J., not sitting.