291 So.2d 382

**Norris Lee FLOYD**

v.

**STATE.**

**4 Div. 248.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

T. R. Ward, Abbeville, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was convicted of robbery and, in accordance with the verdict of the jury, sentenced to twenty (20) years in the penitentiary. At arraignment, in the presence of his court-appointed attorney, he pleaded not guilty. He was furnished a free transcript and the same attorney represents him on this appeal.

The facts are undisputed. On the night of October 24, 1972, three black men drove to a truck stop in Abbeville, Henry County, Alabama. They bought seventy-four cents ($.74) worth of gasoline. Two people were on duty that night, the cashier and the cook. The cashier put the gasoline in the car and appellant followed her in the cafe and paid for the gasoline. He or-

dered barbeque and hamburger sandwiches and beer. The other two men came in the cafe and they all ate the sandwiches and drank beer. They paid for the food and beer and left. After they left, the employees closed the place for the night and started cleaning up. About fifteen or twenty minutes later, these three men returned to the truck stop and appellant knocked on the door. The cashier opened the door and appellant ordered two more barbeque sandwiches. The cook prepared them and placed them on a window shelf and the other two men entered the cafe. Before they could be served these last sandwiches, the three men pulled pistols and said to the employees that this was a holdup and "We want the money." The cashier opened the cash register and one of the trio got the money. One of the others asked for the rest of the money and the cashier handed him a money bag. Appellant snatched the telephone lines off the wall and went to the kitchen and grabbed the cook, twisted her arm and took her pocketbook. They then drove away.

These men were in the cafe the night of the robbery on two separate occasions for thirty to forty-five minutes. The cashier and cook had a close look at the men on each occasion. A law enforcement officer showed them eighteen photographs of different men, including the three robbers, whom they had never seen prior to the night of the robbery. Without the slightest hesitation, they, separately, picked out the three men. They also made a positive in-court identification of appellant.

The cashier testified that she feared for her life with three drawn pistols being waived around by these three men. Physical violence was inflicted upon the cook when her pocketbook was taken.

The three essential elements of the offense of robbery are: (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. Douglass v. State, 21 Ala.App. 289, 107 So. 791; Hardin v. State, 28 Ala.App. 524, 189 So. 216; Cobern v. State, 273 Ala. 547, 142 So.2d 869.

Appellant's attorney, with commendable candor, concluded his brief as follows:

"This defendant was put to trial with a presumption of innocence in his favor. I have made a thorough study of the case, the transcript and the law. I have found no error upon which I can base an assignment of (error) for which I can cite any authorities. Therefore, I ask this Honorable Court to please study this case for any violation of the rights of this defendant, keeping in mind that he was presumed innocent."

We have fully complied with this request, and as enjoined upon us by Title 15, Section 389, Code of Alabama 1940, and we have found no error affecting the substantial rights of appellant.

The case is affirmed.

Affirmed.

All the Judges concur.