303 So.2d 161

**Robert Lee TARVER**

v.

**STATE.**

**4 Div. 308.**

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

Larry W. Roney, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to fifteen (15) years in the penitentiary. Prior to arraignment and trial appellant was determined to be indigent and counsel was appointed to represent him. He pleaded not guilty. After conviction he was furnished a free transcript and new counsel was appointed to represent him on appeal.

The facts are simple but are in sharp conflict. Around 2:30 A.M. the victim of the robbery, Curtis Williams, left a nightclub to walk a girl, Rita Harris, to her apartment located a block or two from the club. They approached the apartment building from the rear and were hailed by appellant and his companion, Robert Thomas. Rita told Curtis to "Let's run", and Curtis said he was not going to run as he had not done anything to anyone. They were soon overtaken by the two men who

hailed them. Appellant grabbed Rita by the arm and slung her against the side of the apartment. He slapped her and said, "Bitch, I ought to beat your ____." Robert Thomas said, "This is a stickup." Then Thomas told Curtis to empty his pockets and to give him his wallet. Curtis handed him $71.00 and told him that was all the money he had and Thomas asked for his wallet again.

Curtis knew both robbers by *sight* but he did not know their names. He was slow about surrendering his wallet and Thomas said, "Nigger, you're mighty damn slow. You don't know it but that boy will shoot the damn ____ out of you." Curtis then pulled his wallet out of his hip pocket and Thomas snatched it from his hand and it fell to the ground. Curtis started running and shouting for help. He ran into a bush and the grass was wet and slippery and he fell to the ground and Thomas got on top of him and was beating him with his fist. During this beating, Curtis frisked Thomas to see if he had a pistol and failing to find one, he pushed Thomas off him and ran home. He called the Police Department to report the robbery. In the meantime, Rita got away from appellant and ran to her apartment.

A police officer responded to Curtis' call and Curtis related the story. He gave the officer a description of the assailants and told him that he had seen them around for years but did not know their names. The officer told him to get into the patrol car and they went to Rita's apartment. Rita told the officer she had known both men for years and gave him their names. The officer got Curtis to swear out arrest warrants and he would find the men and arrest them. This was done.

During the next few weeks appellant contacted Curtis and offered to give him back the $71.00 if he would drop the charges. Curtis agreed but appellant told him he did not have the money right then saying he had gotten two women pregnant and he was short of money. Appellant offered Curtis his automobile but Curtis wanted his money. Curtis went to see the district attorney and was told the robbery cases would be prosecuted.

Appellant testified in his behalf and set up an alibi. He also offered the testimony of his wife and sister in support of his alibi. The alibi testimony, if believed by the jury, was an ironclad defense. The jury rejected this testimony in toto.

■ The testimony adduced by the state proved all the material elements of the offense charged and the trial court properly overruled appellant's motion to exclude the state's evidence.

■ The three essential elements of the crime of robbery are: (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. Douglass v. State, 21 Ala.App. 289, 107 So. 791; Hardin v. State, 28 Ala.App. 524, 189 So. 216; Cobern v. State, 273 Ala. 547, 142 So.2d 869; Floyd v. State, 52 Ala.App. 291, 291 So.2d 382.

Appellant's attorney filed a fourteen (14) page brief on this appeal, but concluded:

"The appellant was put to trial with a presumption of innocence in his favor. The writer of this brief has thoroughly studied and examined the case, the transcript, and the law, and has found no error upon which an assignment of error can be made for which authorities can be cited. Therefore, the writer asks this Honorable Court to please study this case for any violation of the rights of the appellant, keeping in mind that he was presumed innocent."

■ We have fully complied with this request as enjoined upon us by Title 15,

Section 389, Code of Alabama 1940, and we have found no error affecting the substantial rights of appellant.

The case is affirmed.

Affirmed.

All the Judges concur.