321 So.2d 757

**Gale A. HUDSON**

v.

**STATE.**

**4 Div. 322.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1975.

---

**420**

Adams & Bates, Dothan, for appellant.

William J. Baxley, Atty. Gen., Frank L. Thiemonge III and David W. Clark, Asst. Attys. Gen., for the State.

TYSON, Judge.

The indictment charged the appellant, Gale A. Hudson, and Mark Lee Mathis with robbery, by taking $335.00 and one .32 caliber pistol from the person of Charles Davis. The jury found the appellant guilty as charged, and fixed punishment at thirty years imprisonment. The court then entered judgment, setting sentence in accordance with this verdict.

Charles Davis testified that he was employed at Alley's Grocery, located on U. S. Highway 84 West in Houston County, Alabama, on August 10, 1974. He testified that between 9:30 and 9:45 that evening the appellant came in the store, and as he was turning his head, the appellant struck him on the back of the head with a pistol and demanded that he give him the money in the cash register. He stated that he turned around and saw the appellant take the proceeds from the cash register, that the appellant struck him again with the pistol, and as he fell the appellant shot him once through the shoulder. He testified that he lay there until appellant left the store, and that he raised up in time to see the appellant drive away in a green Rambler automobile. He testified that he attempted to use the telephone, but about that time two friends, Donnie and Mark Driscoll, came up. They called the police and then took him to the hospital.

Davis made a positive incourt identification of the appellant.

Mark Driscoll testified that on August 10, 1974, he and his nephew, Donnie Driscoll, drove up to Alley's Grocery and saw Charles Davis try to get up off the floor, that he had been shot, that they then notified the police, and took Davis to the hospital.

Billy C. Alley testified that he lived in Newton, Alabama, and was the owner of Alley's Grocery Store, located on U. S. Highway 84 West in Houston County. He testified that on August 10, 1974, Charles Davis was working there. He testified that he went to the store about 10:00 that evening and discovered there had been a robbery. He testified that he found that $325.00 and one .32 caliber Arminius revolver, Serial Number 175606, were missing from his store. He testified that he had purchased this pistol on February 5, 1970, from one Freddie P. Smith.

O. E. Jones testified that he was Chief Deputy Sheriff of Houston County on August 10, 1974. He testified that in response to a telephone call he went to Alley's Grocery Store on U. S. Highway 84 West, and there found the two Driscoll men and Charles Davis. He testified that

Davis gave him a description of the people who robbed the store, and that he noticed that Davis had been shot. He then put out an "all points bulletin," giving a description of the people and the automobile involved.

Sergeant Leroy Davis testified that he was employed by the Alabaster Police Department on night of August 10–11, 1974. He stated that he had received a bulletin as to the description of a certain type vehicle, and that he observed the vehicle in question at the intersection of U. S. Highway 31 and I 65 in Shelby County, Alabama. He stated that the driver of the vehicle was a young white man, named Mark Mathis, and a young white lady, named Susan Lawson, was seated in the middle, that the appellant, Gale Hudson, was seated on the passenger side. He and his fellow officer ordered the three out of the car, the appellant refused at first, and began to use profanity. He then placed the appellant under arrest and noticed that he had a .32 caliber, nickel-plated pistol strapped to his person. He testified that the Serial Number on the pistol, which he took from the appellant, was 175606, and that it was an Arminius pistol. He further testified that he found a .22 caliber Rutger pistol lying on the floor of the automobile, and that the appellant, Gale Hudson, had nineteen .22 caliber shells in his shirt pocket at the time of his arrest.

The appellant moved to exclude the State's evidence, which was overruled. The appellant presented no testimony at trial.

I

 In *Tarver v. State,* 53 Ala.App. 661, 303 So.2d 161 (1974), Judge Harris, in speaking for this Court, observed:

"The three essential elements of the crime of robbery are: (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. *Douglass v. State,* 21 Ala.App. 289, 107 So. 791; *Hardis v. State,* 28 Ala.App. 524, 189 So. 216; *Cobern v. State,* 273 Ala. 547, 142 So.2d 869; *Floyd v. State,* 52 Ala.App. 291, 291 So.2d 382."

 We are of the opinion that the State here presented a prima facie case of robbery, which, when tested by appellant's motion to exclude, was properly submitted to the trial jury. *Lambert v. State,* 48 Ala.App. 600, 266 So.2d 812; *Moore v. State,* 48 Ala.App. 719, 267 So.2d 509; *Clay v. State,* 52 Ala.App. 272, 291 So.2d 364; *Gross v. State,* 6 Div. 902, October 21, 1975.

We have carefully examined this record and find no error therein. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.