331 So.2d 422

Venice MOORE

v.

STATE.

4 Div. 434.

Court of Criminal Appeals of Alabama.

April 20, 1976.

Myron H. Thompson, Dothan, for appellant.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Moore was convicted of robbery and sentenced to ten years imprisonment. With court-appointed counsel present at arraignment appellant pleaded not guilty. After conviction he gave notice of appeal and he is in this Court with a free transcript. Trial counsel was appointed to represent him on appeal.

The facts are undisputed. Appellant did not testify or offer any evidence in his behalf.

The State's evidence, according to the victim, was that on the night of November 11, 1974, Johnny Reeves, the victim, and one Tom Richards, were sitting in Reeves' car near John Baker's Cafe in Abbeville,

Henry County, Alabama. Reeves did not have his driver's license with him at the time and that is the reason Richards was driving the car. While they were parked at Baker's Cafe, appellant, whom the victim did not know, came to the car and asked Richards for a ride home. Richards knew appellant and agreed to take him home. Reeves was on the passenger side in the front seat and appellant got in the back seat directly behind Reeves. After Richards had driven for a while, appellant told him to pull over and stop the car. As the car stopped, Reeves felt cold metal on the back of his neck. The victim caught a glimpse of the gun in appellant's hand when he turned around. Appellant ordered both Richards and Reeves to get out of the car and told Reeves to put his hands against the side of the car. Reeves still felt the gun against his neck as appellant reached in his back pocket and removed his wallet which contained $18.00 made up of three five-dollar bills and three one-dollar bills. Moore then asked Richards for his wallet and Richards told him it was at home. Appellant told Richards to "go get your pocketbook," and, "if you don't come back, then you will have a dead buddy."

All three men got back in the car and while riding behind the county courthouse, apparently on their way to get Richards' wallet, Reeves jumped out the car and ran behind it. They were almost in front of the old Police Department. A police officer on duty heard a disturbance and heard someone say something about a gun and he went out to investigate. After Reeves jumped out of the car, Richards parked the car. The officer approached the car and found appellant sitting in the back seat. He ordered appellant out of the car and searched him and found $18.00—three five-dollar bills and three one-dollar bills. The officer looked in the back seat of the car and found a .38 Smith and Wesson pistol and an empty wallet. Appellant was arrested and carried to jail where the officer gave him the *Miranda* rights and warnings by reading his Constitutional rights to him from a card he had in his possession.

The officer further testified that when he first saw Reeves, he was crawling from around the back of the car on his hands and knees and he looked "frightened to death." Reeves testified he was scared when the pistol was pressed against his neck.

Richards testified and corroborated the testimony of Reeves in many details except as to the number of times they stopped after leaving Baker's Cafe and he also stated he did not see a pistol that night. He admitted that appellant ordered him to stop the car and made Reeves get out and put his hands on the side of the car. He also admitted appellant asked him for his wallet and he told him it was at home.

Reeves testified that before appellant's trial appellant came to him and offered him $300.00 if he would drop the charges against him and to go tell his lawyer that he was not guilty.

■ The pistol was introduced in evidence over appellant's objections that it was not identified as belonging to the defendant and was used by him in the robbery. This objection was overruled and rightly so as the gun was found in the back seat of the car where appellant was found at the time he was arrested.

Appellant moved to exclude the State's evidence on the ground that a prima facie case had not been made out against appellant. This motion was overruled.

■ The three essential elements of the crime of robbery are: (1) felonious intent, (2) force, or putting in fear as a means of effecting the intent, and (3) by that means of taking and carrying away of the personal property of another from his person or in his presence, all of these elements concurring in point of time. *Cobern v. State*, 273 Ala. 547, 142 So.2d 869; *Floyd v. State*, 52 Ala.App. 291, 291 So.2d

382; *Johnson v. State*, 54 Ala.App. 586, 310 So.2d 509.

The testimony adduced by the State proved all the material elements of the offense charged and the trial court properly overruled appellant's motion to exclude the State's evidence. *Tarver v. State*, 53 Ala. App. 661, 303 So.2d 161; *Rayford v. State*, 53 Ala.App. 86, 297 So.2d 409.

Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. *Bolton v. State*, 21 Ala.App. 373, 108 So. 631; *Haggler v. State*, 49 Ala.App. 259, 270 So.2d 690.

There is no error in the record and the judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.