TYSON, Presiding Judge.
The indictment charged Larry Calhoun with the robbery of $450.00, “the property of Mary Calloway, from her person, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same.” The jury found the appellant guilty of robbery and fixed punishment at ten years imprisonment. The trial court then entered judgment which set sentence in accordance with this verdict.
Mrs. Mary Calloway testified that she was employed at Ideal Sales rental office in the Cloverland area of Montgomery, Alabama, and was on duty in the office on .the morning of January 9, 1975. She stated that between 10:00 and 10:30 that morning, two black males entered the office and stopped at the counter. They asked if there was an available apartment and if they could see it. Mrs. Calloway explained there was and also there was a company policy to require a $5.00 key deposit when someone takes a key to look at an apartment. Mrs. Calloway stated that one of the men was several inches taller than the other, that she asked for a name and was given the name of John Jones. She stated that she was writing out a receipt for $5.00 when one of the men, who she identified as the appellant, pulled a pistol,- silver in color, from his pocket and pointed it at her, then stated, “We don’t want to hurt you, but where is the money?” (R. p. 24) Mrs. Calloway indicated that the appellant then handed the pistol to his companion, came around the counter where she was standing, reached into the cash drawer, and took the cash, leaving only checks and coins. She stated that about this time two of the maintenance men who worked for Ideal Sales, one Johnny Smith, a black, and L. D. Brooks, a white, walked into the company office. She stated that as they came in, the appellant and his companion said to her, “We have got the key to Apartment 407C,” and “Can we get our $5.00 back when we come back,” then turned and left. Mrs. Calloway stated that shortly after the men left, she fainted, and upon being revived, she counted the amount of cash which she had placed in the drawer and compared it with her ledger books, then determined the $450.00 in currency was taken.
Mrs. Calloway also testified that she saw several lineups at police headquarters in Montgomery during January and February, 1975, and that on either the fourth or fifth lineup, she positively identified the appel *41 lant, Larry Calhoun. She also made a positive in-eourt identification of the appellant.
Montgomery Police Detective Cody Wood testified that he participated in the investigation of the robbery of Ideal Sales on January 9, 1975. He testified that Mrs. Calloway participated in five lineups at police headquarters, and that on February 17, 1975, without any suggestions or prompting whatever on his part, she selected the appellant, Larry Calhoun, who was in position No. 3 of a five-man lineup. He testified that all participants were black males between the ages of twenty-three and twenty-six, between the heights of five feet six inches and six feet three inches, and between 150 and 170 pounds in weight. He testified that all had on similar blue jeans and sport shirts and that he made a photograph of the lineup from which the appellant was selected.
On cross-examination Detective Wood stated that Mrs. Calloway also identified one Gregory Anthony at a different lineup as being the other participant (R. p. 44).
Mrs. Calloway, upon being recalled to the stand, testified that she did select a second individual from a different lineup as being the other participant in the robbery.
Johnny Smith testified that he had been a maintenance employee for seventeen years with Ideal Sales, which handled apartments in the Cloverland area of Montgomery. He testified that he looked after routine maintenance in the apartments. He testified that on the morning of January 9, 1975, he walked into the company office around 10:30, and there were two men in the office talking with Mrs. Calloway. He said that one of the men said to her, “Will I get my $5.00 back when I bring back the key,” and then turned and walked out as she said, “Yes.” He made a positive identification of the appellant as being one of the two men who was present that morning. He stated that Mrs. Calloway had him lock the door after they left and that she called Mrs. Hixon, who was the manager and was upstairs. Johnny Smith testified that he viewed three or four lineups, and that he picked out the appellant from a lineup in which there were six black males. He stated that the appellant was in position No. 1. He testified that Police Detective Cody Wood asked him to come down to police headquarters and that this was in February, 1975. He testified that only Detective Wood was present, and that Detective Wood gave him no information before viewing the lineup. Upon being shown a photograph of the lineup, Johnny Smith identified the appellant as being in position No. 1, and that there were six in the photograph. He made a positive in-court identification of the appellant and stated that the appellant had been standing right beside him when he walked in the office that morning.
Montgomery Police Detective Cody R. Wood was recalled and testified that he arrested the appellant on February 19,1975, after he had been identified by Mrs. Calloway at a lineup on February 17, 1975, and by Johnny Smith on February 18, 1975.
The appellant’s attorneys made a motion to exclude the State’s evidence, which was overruled.
Larry Calhoun testified that he lived at 626 Story Street with his mother in Montgomery. He stated that he was twenty-three years of age and a student in his Junior Year at Alabama State University, that he played quarterback on the football team. He testified that he graduated from Carver High in Montgomery and had never been in any trouble prior to being charged with the January 9, 1975, robbery at Ideal Sales. He denied owning a pistol or ever having gone to the office of Ideal Sales, or of robbing Mrs. Calloway, or having any discussion with her pertaining to an apartment. He denied ever having seen Johnny Smith other than at a preliminary hearing.
On cross-examination the appellant admitted to a prior robbery conviction (R. p. 96). He admitted on cross-examination that one Gregory Anthony was an acquaintance of his, and that they had played football together. He denied discussing his case with Gregory Anthony and denied that Gregory Anthony was with him on January 9, 1975, at the Ideal Sales office. Calhoun testified that both the Kansas City Chiefs *42 and the Dallas Cowboys had been to talk with him about football.
The appellant presented the testimony of John Fulgram, who coached the appellant at Carver High in Montgomery. Fulgram testified as to his good character. Appellant also presented the testimony of Robert E. James, Director of the Cleveland Avenue YMCA; and the testimony of Percy King, who was Superintendent of the City of Montgomery Recreation Department and had known the appellant since high school. Each of them testified that the appellant’s reputation for peace and quiet was good, and that they did not know of his being in any prior difficulty.
I
The appellant contends that the State failed to prove a prima facie case, and that the money was not shown to have been the property of Mrs. Calloway.
In Mays v. State (Ala.Cr.App.), 335 So.2d 246, we find the following:
“. . .To sustain a charge of robbery it is not necessary that the stolen property be in the actual physical contact with the person of the victim, but it is sufficient if the property is taken from his presence or personal protection. Cobern v. State, 273 Ala. 547, 142 So.2d 869. Moreover, in an indictment for robbery, ownership of the stolen property is properly laid in the party in possession, either as owner, or bailee, or agent. See Bray v. State, 47 Ala.App. 308, 253 So.2d 531, and authorities therein cited.
“It is not necessary that title be in the person robbed. Douglass v. State, 21 Ala.App. 289, 107 So. 791. Bowman v. State, 44 Ala.App. 331, 208 So.2d 241.”
In Tarver v. State, 53 Ala.App. 661, 303 So.2d 161, Judge Harris stated the following:
“The three essential elements of the crime of robbery are: (a) felonious intent, (b) force, or putting in fear' as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. Douglass v. State, 21 Ala.App. 289, 107 So. 791; Hardis v. State, 28 Ala.App. 524, 189 So. 216; Cobern v. State, 273 Ala. 547, 142 So.2d 869; Floyd v. State, 52 Ala.App. 291, 291 So.2d 382.”
We are of the opinion the State here presented a prima facie case and the appellant’s motion to suppress and motion to exclude were properly overruled at trial. Clay v. State, 52 Ala.App. 272, 291 So.2d 364; Tarver v. State, supra.
II
The appellant contends that the State erroneously was allowed to ask about the appellant’s prior conviction of robbery on cross-examination because the time for appeal in the prior case had not expired at the time of trial in the instant case. The prior conviction took place on May 28,1975, and the trial in the instant cause took place on June 19 and 20, 1975. The prior conviction has been affirmed by this Court. Calhoun v. State, Ala.Cr.App., 343 So.2d 1 (1977).
We are of the opinion that the Deputy District Attorney properly was permitted to inquire about the appellant’s prior conviction. Title 7, Section 434, Code of Alabama 1940.
We also point out that the appellant in his direct testimony had made the statement that he had never been in trouble with the law before; hence, the State properly was permitted to impeach him in this cause (R. pp. 92-98).
III
Appellant here contends that the Deputy District Attorney was improperly permitted over objection to impeach the appellant on an immaterial matter. In brief, the appellant’s attorneys point out that Gregory Anthony did not testify during the appellant’s trial, nor was he present during any of the court proceedings. The appellant asserts that this questioning with reference to his acquaintanceship and foot *43 ball associations with Mr. Anthony was erroneous.
This argument overlooks the fact that Police Detective Wood stated that Anthony had been identified as the companion of the appellant at other police lineups; hence, we are of the opinion that the appellant was not impeached upon an immaterial matter.
We believe this line of inquiry to have been correct under the evidence in this cause, and such was therefore properly allowed to be argued to the jury. Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666. In short, there was here no impeachment upon an immaterial matter in the case at bar.
We have carefully examined this record and find same to be free from error. The judgment is due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., recuses self.