TYSON, Judge.
Appellant was indicted for the robbery of one Horace William Kellum of $3900.00 “from his person and against his will, by violence to his person or by putting him in such fear as unwillingly to part with the same,” etc. (R. p. 222) The jury found appellant guilty and fixed punishment at ten years imprisonment. The trial judge set sentence in accordance with this verdict. From the denial of his motion to exclude the State’s evidence, appellant prosecutes this appeal.
Appellant allegedly participated, along with three or four other men, in the robbery of the Fairmont Foundry in Jefferson County, Alabama, on July 11, 1975. Horace William Kellum, an employee of the foundry, testified that he was present when the robbery occurred. He stated that three men, armed with pistols, entered the foundry office while a fourth waited outside the office entrance. One of the men, later identified to Mr. Kellum as Gibson, demanded the payroll money which Mr. Kel-lum turned over. Mr. Kellum stated that he did not see appellant during the robbery.
After obtaining the money, the robbers exited the office and commandeered Mrs. Virginia Vann’s automobile. Mrs. Vann and three-year-old Brant Powell were waiting in the parking lot for Brant’s mother, who had entered the foundry office to pick up her husband’s paycheck. Mrs. Vann testified that appellant came to the window on the driver’s side where she was seated, pointed a pistol at her, and demanded that she relinquish her automobile. Mrs. Vann insisted that she get Brant before the men could have her automobile. Mrs. Vann and Brant then ran into the foundry office while the robbers drove away in her automobile.
Mrs. Vann stated that she identified appellant at a lineup as being the man who ordered her to give him her automobile. Mrs. Vann also identified a photograph of *473 appellant as being a participant in the robbery.
William Powell was present in the foundry office when the robbery occurred. At trial he testified that appellant was the fourth participant who stood outside the entrance to the office. Mr. Powell stated that his lineup identification of appellant was not positive because the setting and circumstances had made him very nervous and uneasy. At trial, however, he was certain of his identification of appellant.
During the State’s case in chief and during cross-examination of State’s witnesses, reference was made on numerous occasions to a drawing of the layout of the foundry office. Witnesses Kellum and Powell showed their relative positions during the course of the robbery by using this nonscale diagram.
The trial judge denied appellant’s motion to exclude the State’s evidence, which motion was grounded on an alleged fatal variance between the indictment and the proof.
Lou Ray Driver testified for the defense that he and four others planned the robbery of the Fairmont Foundry on July 11, 1975. Driver stated that he plead guilty and was currently serving a prison term for his role in the robbery. Driver stated that appellant did not participate in the robbery. Driver would not, however, name the individuals who did participate in the robbery because he said, if he did, he would forfeit his life. It was shown that Driver had previously served ten years in prison for murder.
Appellant Golston presented further testimony, which, if believed by the jury, would have placed him at another location at the time the robbery occurred. Following this testimony, the defense rested, the court delivered its oral charge, and the jury retired to consider its verdict.
I
Appellant alleges a fatal variance exists between the pleading and the proof in that it was not shown that Horace William Kellum either owned, possessed, or was charged with the responsibility of the payroll’s safekeeping.
In Mays v. State, Ala.Cr.App., 335 So.2d 246, 248 (1976), this Court stated:
“The appellant contends that the evidence showed that the money was taken from the cash registers in the front of the store and the indictment charged the appellant with the robbery of Andy McClain, hence, there is a variance between the pleading and the proof. To sustain a charge of robbery it is not necessary that the stolen property be in the actual physical contact with the person of the victim, but it is sufficient if the property is taken from his presence or personal protection. Cobern v. State, 273 Ala. 547, 142 So.2d 869. Moreover, in an indictment for robber^, ownership of the stolen property is properly laid in the party in possession, either as owner, or bailee, or agent. See Bray v. State, 47 Ala.App. 308, 253 So.2d 531, and authorities therein cited.
“It is not necessary that title be in the person robbed. Douglass v. State, 21 Ala. App. 289, 107 So. 791. Bowman v. State, 44 Ala.App. 331, 208 So.2d 241.”
See also, Moseley v. State, Ala.Cr.App., 357 So.2d 390 (1978).
Clearly, no error is shown.
II
Appellant alleges error to reversal occurred when the nonscale diagram of the foundry office was allowed into the jury room without having been introduced as an exhibit at trial.
In Gamble v. State, 48 Ala.App. 605, 608, 266 So.2d 817, 820 (1972), this Court stated:
“ ‘Demonstrative or real evidence, or evidence by inspection, is such evidence as is addressed directly to the senses of the court or jury without the intervention of the testimony of witnesses, as where various things are exhibited in open court.’ 32 C.J.S., Evidence, p. 454, § 601; Under-hill’s Criminal Evidence, 4th Ed., pp. 148, 168, Sections 115, 125; Chamberlayne Trial Evidence, Tompkins 2nd Ed., pp. *474 603, 613, Sections 632, 642; Wigmore on Evidence, Vol. 1, p. 222; See. 24, Vol. 2, p. 672, See. 1151; Wigmore’s Code of Ev., p. 223, Rule 136; 20 Am.Jur., p. 600, See. 716; Jones Evidence, Vol. 3, p. 2518, See. 1376. The tenor of its proffer is immaterial. It becomes evidence—the fact it imports—when it is properly identified and exhibited before the jury in open court for their inspection. Of such import are the foregoing authorities.”
See also Gamble, McElroy’s Alabama Evidence (3d Ed. 1977), § 425.01(15), and cases therein cited.
In the instant case, the nonscale office diagram was repeatedly referred to by both parties on direct and cross-examination. Thus, both parties treated the diagram as evidence in the jury’s presence. Hence, no error is shown.
Ill
Appellant alleges a violation of his constitutional right to the use of compulsory process under the Sixth Amendment to the United States Constitution when the trial court refused to issue his requested writ of habeas corpus. After careful examination of appellant’s petition, praying that the Court produce the alleged co-defendant, William Gibson, we are of the opinion that appellant failed to comply with § 12-21-225, Code of Alabama 1975, which reads in pertinent part:
“. . . Moreover, upon the sworn petition of the defendant in a criminal prosecution showing that a convict serving sentence in the penitentiary knows facts which would be beneficial to him, the judge may, if he believes the ends of justice will be served thereby, order the issuance of such a writ to secure the appearance of the convict to testify on behalf of the defendant. . . . ”
In Magee v. State, 43 Ala.App. 218, 223, 187 So.2d 274, 279 (1966), this Court stated:
“Summarizing § 61 [§ 12-21-225], as amended, supra, we note in criminal prosecutions the defendant takes the following steps to get the personal presence of a penitentiary prisoner in his behalf:
“1) File a sworn petition with trial court; and
“2) Show therein facts known by the convict witness ‘which would be beneficial to’ the defendant.”
See also, Mayes v. State, Ala.Cr.App., 350 So.2d 339 (1977).
In the instant case, petitioner failed to show facts known by the convict witness which would be beneficial to the appellant. Thus, the conditions precedent in the statute were not satisfied. Therefore, we find no merit to appellant’s assertion.
IV
Appellant asserts that the in-court identification of appellant by witnesses Vann and Powell was tainted by improper extra-judicial identification procedures. Accordingly, appellant asserts that it was error not to instruct the jury to receive such evidence with caution.
The totality of circumstances in this case clearly does not support appellant’s contention in this regard. The testimony of Mrs. Vann and Mr. Powell under oath contains unambiguous and positive identifications of appellant as a participant in the robbery. There is no evidence to support appellant’s allegation of improper extra-judicial identification procedures. Both witnesses selected the appellant at the lineup conducted soon after the commission of the crime. Both witnesses had ample time, from close range, under good viewing conditions, to observe appellant while the robbery was in progress. Furthermore, detailed descriptions of appellant were given after the robbery.
Mr. Powell’s stated anxiety during the lineup identification procedure does not undermine his later in-court identification of appellant. See Little v. State (1978), Ala.Cr.App., 357 So.2d 379, and cases cited.
We find that no impermissible suggestiveness in the identification process was apparent in this case. The identification being reliable, there is no substantial likelihood of irreparable misidentification. Man *475 son v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. Big-gers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Lomax v. State, Ala.Cr.App., 359 So.2d 832, cert. denied, Ala., 359 So.2d 836 (1978); Dixon v. State, Ala.Cr.App., 357 So.2d 690 (1978).
Further, the record reveals that there was no request below for a charge cautioning the jury with regard to the identification testimony. Furthermore, there was no objection or motion to exclude any of the identification testimony. Hence, appellant failed to preserve properly his grounds for appeal in this regard.
After careful consideration of the entire record in this cause, we find same to be free of error. Accordingly, this case is due to be and is hereby
AFFIRMED.
All the Judges concur.