**Robert L. BROWN, Petitioner-Appellant,**

v.

**STATE OF ALABAMA,
Respondent-Appellee.**

**No. 79-3367
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 16, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R.18.

Robert L. Brown, pro se.

Jane LeCroy Brannon, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from a denial of a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Early on the morning of September 1, 1977, Robert Brown hit the cashier of a gasoline station on the head and knocked him to the floor. After robbing the station, Brown kicked the attendant, threatened to kill him and shot him twice. Brown was convicted of robbery in the Circuit Court of Tuscaloosa County, Alabama. That conviction was affirmed, without opinion, by the Alabama Court of Criminal Appeals. Subsequent to the conviction for robbery, Brown was tried and convicted of assault with intent to murder. On appeal to the Alabama Court of Criminal Appeals, Brown argued that, because the charge of assault with intent to murder grew out of the same incident involved in his robbery conviction, the double jeopardy clause of the Fifth Amendment as applied to the States through the Due Process Clause of the Fourteenth Amendment was

violated at his second trial. The state court found that Brown had committed two separate and distinct crimes and affirmed his conviction. *Brown v. State*, 367 So.2d 557, 558 (Ala.Cr.App.1978), *cert. denied, ex parte Brown*, 367 So.2d 559 (Ala.1979).

Brown then petitioned for writ of habeas corpus in the United States District Court for the Northern District of Alabama, asserting the same double jeopardy claim. *See Burton v. Oliver*, 599 F.2d 49, 50 (5th Cir. 1979) (exhaustion of state remedies). The district court adopted the magistrate's recommendation that the petition be denied.

In his pro se appeal to this Court, Brown makes several arguments, none of which has any merit. First, he pursues his double jeopardy claim. The test to determine whether successive prosecutions impermissibly involve the same offense under the double jeopardy clause was laid out by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

This test is satisfied if each offense requires the proof of a fact that the other does not, even though there may be a substantial overlap in the proof offered to establish the crimes. *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), *quoting Iannelli v. United States*, 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 1293 n.17, 43 L.Ed.2d 616 (1975).

In Alabama, there was no statutory definition of robbery at the time of the crime. *See* Ala.Code § 13–3–110 (1975). Common law required the State to prove three essential elements in order to prosecute the crime of robbery: a) felonious intent; b) force, by putting in fear, as a means of effectuating the intent, and c) by that means, a taking and carrying away of the property of another from his person or

in his presence. *Gissendaner v. State*, 338 So.2d 1025, 1026 (Ala.Crim.App.), *cert. denied*, 338 So.2d 1028 (Ala.1976), *quoting Tarver v. State*, 53 Ala.App. 661, 303 So.2d 161, 162 (1974). An essential element of the crime of assault with intent to murder is the intent to take life, which is not an element of robbery. *Brown v. State*, 367 So.2d at 559; *Sanders v. State*, 354 So.2d 44 (Ala.Crim.App.), *cert. denied*, 354 So.2d 48 (Ala.1977). An essential element of the crime of robbery is the taking and carrying away of the property of another by force, which is not an element of assault with intent to murder. The Alabama crimes of robbery and assault with intent to murder are therefore two separate and distinct offenses.

*Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct 2912, 53 L.Ed.2d 1054 (1977), cited by petitioner, does not apply here. In that case, the Supreme Court held that "[w]hen, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one."

*Whalen v. United States*, —— U.S. ——, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), is not applicable either. Unlike *Whalen*, this is not a case in which the distinguishing features of each offense are due to "so formal a difference in drafting" that the legislature responsible could scarcely have intended them to have any practical significance. —— U.S. at ——, 100 S.Ct. at 1439.

Petitioner's other claims are also without merit. The principle of collateral estoppel does not bar the second prosecution, since, as Brown admits in brief, the evidence at his first prosecution established that he had a gun. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Brown's contention that the shooting occurred before the robbery was consummated rather than afterwards need not be considered, since the sufficiency of the evidence question was not raised by Brown in the district court. *Att-*

well v. Nichols, 608 F.2d 228, 231 (5th Cir. 1979).

AFFIRMED.