326 So.2d 133

**James Otis BOYD, alias** [1]

**v.**

**STATE.**

**3 Div. 360.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Frederick T. Enslen, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

1. In circuit court the cause was captioned. "The State  *  *  *
    vs
Pepperhead, alias James Otis Boyd." This comports with the indictment which charged the appellant as "Pepperhead, alias  *  *  *."

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Jury and verdict of guilt on plea of not guilty to indictment for robbery. Punishment fixed at ten years imprisonment.[2]

This case was remanded to the Circuit Court of Butler County for consideration as to whether appellant-defendant should be accorded Youthful Offender treatment with instructions to the Circuit Court to advise this Court of its decision. The remand was on November 14, 1975.

The Circuit Court, pursuant to such remand, filed with this Court an answer from which we quote as follows:

"The Court finds that on May 21, 1974, the defendant James O. Boyd was formally arraigned in this Court and entered his plea of not guilty, that at said time the defendant specifically reserved the right to file a youthful offender petition (transcript page 3).

"The Court further finds that no petition was ever filed by the defendant requesting that he be accorded youthful offender treatment, wherefore the Court proceeded to try the defendant as an adult. Upon consideration of the same.

"IT IS THEREFORE ORDERED BY THE COURT that said defendant should not be accorded youthful offender treatment."

It thus appears that appellant never pursued his right to be tried as a youthful offender of which he was informed. T. 15, §§ 266(1)–266(6), incl., Supplement, Michie's Recompiled Code 1958, Act 335, Third Special Session, 1971.

We fail to see that defendant was prejudiced by the Court's action in putting him to trial as an adult.

## MOTION

Appellant filed with the trial court his motion for an examination of the victim-witness to determine whether she was of sound mind and competent to testify. The victim was ninety-seven years of age. This motion was denied.

Section 4 of the motion reads as follows:

"That under the facts alleged herein, the defendant respectfully requests this Court to order the victim, Sally Dortch, to undergo examination by a competent physician to determine her competency to testify and that the results of such examination be given to the Court and to the defendant's attorneys."

T. 7, §§ 439 and 440, Code 1940, read:

"Persons who have not the use of reason, as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses."

"The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness, or infancy."

We know of no law which mandates the trial court to order the victim to undergo an examination by a competent physician to determine her mental capacity to testify and to order the results of the examination to be reported to the Court.

The motion does not comport with § 440, supra, which places the duty on the Court to make examination.

The Court was free of error in overruling the motion. *Orton v. Gay,* 285 Ala. 270, 231 So.2d 305(18).

---

2. This is a companion case to that of *Paige v. State,* 56 Ala.App. 121, 319 So.2d 740.

The record does not disclose that the victim had undergone treatment for mental disorder as in *Henderson v. United States,* 6 Cir., 218 F.2d 14. *Henderson* states that "when a mature person of normal appearance and demeanor is offered as a witness, he is presumed to be a competent witness and incompetency must be shown by [a] party objecting to him."

The trial court saw the witness on the stand and had the opportunity of passing judgment on her senility vel non and her mental capacity to testify. So far as we ascertain there was no insistence by defendant during such appearance that the witness was incompetent to testify, nor was any ruling of the trial court invoked on such issue. For aught appearing she was competent and her testimony, conflicting at times, was admissible. The conflicts were for the jury to resolve.

The movant did not offer any evidence that the witness was afflicted with mental incompetency, but relied on an unverified motion to invoke such examination.

The trial court, during the trial, must have been impressed that the witness was normal and free of disqualifying senility. The court did not challenge such normality, neither did defendant during the trial.

### ON THE MERITS

■ Appellant urges this Court to consider the sufficiency of the evidence.

There was no ruling of the trial court on such sufficiency. Defendant did not make a motion to exclude, did not submit a request for affirmative instructions, nor move for a directed verdict. Neither did he make a motion for a new trial. *Handley v. State,* 214 Ala. 172, 106 So. 692; *Shepard v. State,* 20 Ala.App. 627, 104 So. 674; *Harrison v. State,* 21 Ala.App. 260, 107 So. 225.

We hold that the judgment in this cause should be and is affirmed.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.