The appellant was convicted on an indictment charging him with receiving, concealing, etc., One Mercury Outboard Motor, of the value of $1,000.00, the personal property of Carl Bolch, Jr., knowing it was stolen and not having the intent to restore it to the owner, and sentenced to imprisonment in the penitentiary for a term of eight years.
The appellant was represented by counsel of his choice at all proceedings in the trial court and is represented in this Court by the same counsel under court appointment. This appeal was submitted to this Court on briefs.
Appellant in his brief contends that the trial court erred to his prejudice on five grounds: First, by overruling his objection to a question propounded to state's witness as to the owner of the stolen motor; second, by refusing to give the affirmative charge requested by the appellant, and denying his motion to exclude state's evidence; third, by overruling appellant's objection with reference to the color of mud found on appellant's shoes and the stolen motor; fourth, in its oral charge to the jury; fifth, by refusing appellant's written charges nos. 8, 11, and 12.
On direct examination of state's witness, Mr. Hendrix, the following occurred:
 "Q. Now, I direct your attention, specifically, to a Saturday, which was May the 6th, 1978, and ask you, if at that time you had in your possession a motor — a 85 Horsepower, Mercury Outboard Motor?
A. Yes, sir.
Q. And, to whom did it belong?
A. Carl —
 MR. KENNETH SHINBAUM: Your Honor, I'm going to object.
THE COURT: What's your grounds?
 MR. KENNETH SHINBAUM: On certain — whether his information might be based on hearsay.
 THE COURT: Well, if he knows who it belongs to, I'll let him testify. If he doesn't know, he can say so. Do you know who it belongs to? (INDICATING TO THE WITNESS)
MR. JERRY HENDRIX: Yes, sir.
THE COURT: All right. Overrule the objection. *Page 1287 
MR. GLEN CURLEE, (CONTINUING).
Q. Who had owned it?
A. Carl Bolch, Jr.
 Q. All right. And, why did it happen to be at your place of business?
A. He brought it in for repairs.
 MR. GLEN CURLEE: Would you bring the motor in, please? (INDICATING)."
Later during the trial and on cross-examination of state's witness, Mr. Hendrix, the appellant brought out certain facts which he contends proves that Mr. Hendrix's knowledge of the ownership of the stolen motor was based on hearsay evidence. We have searched the record and do not find a motion by the appellant to exclude any part of Mr. Hendrix's testimony as to the owner of the stolen motor.
Review on appeal is limited to a consideration of questions properly raised in the trial court. Harris v. State, Ala.Cr.App., 347 So.2d 1363, certiorari denied, Ala.,347 So.2d 1368; Kendrick v. State, 55 Ala. App. 11, 312 So.2d 583. Appellant's objection was to the question, "And, to whom did it belong?" This was a valid question and the court after telling the witness if he knows who this motor belongs to he would let him answer the question. If he doesn't know, he can say so. Then the court asked the witness do you know who it belongs to? And the witness answered, "yes, sir." Whereupon, the court overruled the appellant's objection. We hold that the trial court was not in error when it overruled appellant's objection. We also hold that when evidence is admitted on direct examination, and later, during cross-examination, it appears that such evidence was not admissible, and the complaining party does not make a proper motion to exclude such evidence from the jury, the trial court cannot be put in error for permitting that evidence to remain before the jury. Allred v.State, 55 Ala. App. 74, 313 So.2d 195, certiorari denied,294 Ala. 751, 313 So.2d 203; Bufkins v. State, 20 Ala. App. 457,103 So. 902, certiorari denied, 212 Ala. 638, 103 So. 906; Mintonv. State, 20 Ala. App. 176, 101 So. 169.
Appellant's written request for the affirmative charge, and the trial court's refusal to grant it, and the trial court's refusal to grant appellant's motion to exclude state's evidence presents to this Court the weight and sufficiency of the state's evidence to sustain the jury verdict. Paige v. State,56 Ala. App. 121, 319 So.2d 740.
The essential elements of the crime of buying, receiving or concealing stolen goods are: (1.) That the property described in the indictment had been feloniously taken and carried away, as charged in the indictment; (2.) And that the defendant bought, received, concealed, or aided in concealing, the property, knowing at the time it was stolen, or having reasonable grounds for believing at the time that it was stolen; (3.) And at the time he so bought, received, concealed, or aided in concealing, the property, knowing that it was stolen, or having reasonable grounds for believing at the time that it was stolen, he did not have the intent to restore the property to the owner. Code of Alabama, 1975, Sec. 13-3-55;Walker v. State, Ala.Cr.App., 355 So.2d 755; Scott v. State,55 Ala. App. 318, 314 So.2d 921; Waters v. State, Ala.Cr.App.,360 So.2d 358, certiorari denied. Ala. 360 So.2d 367.
The state's evidence tended to prove that on Saturday, May 6, 1978, Jerry Hendrix, who owns and operates Hendrix Marina located across Interstate Highway I-65 from the Prattville Holiday Inn, was engaged in the business of sales and services of boats. That he had in his place of business a boat with an eighty-five horsepower Mercury outboard motor, Serial Number 3621209 of the value of approximately eleven hundred dollars, weighing approximately two hundred pounds attached to the boat. The boat and motor were the property of Carl Bolch, Jr. The marina was completely enclosed by a chain link wire fence six feet high with three strands of barbed wire across the top. About nine o'clock on the morning of Monday, May 8, 1978, when Mr. Hendrix opened up his place of business, he found that the chain link fence directly *Page 1288 
behind where Mr. Bolch's boat was sitting had been cut, raised up, and the outboard motor removed from the boat and dragged in the mud under where the fence was raised up. That the bolts and nuts and some other parts of the motor were found on the ground behind where the boat was parked; that two cables attached to the boat and motor were cut and the two steering cables that are about one inch in diameter were cut, two pins were cut and knocked out of the mounting mechanism; that his marina had been broken into and entered and the outboard motor had been stolen.
State's evidence further tended to prove that shortly after midnight on the morning of May 7, 1978 Malcolm McDonald and John Robert Price, two deputy sheriffs of Autauga County, were patrolling near Boggs Pottery on a dirt road across Highway 31 from Boggs Pottery in Autauga County when they saw a red car pass over the interstate highway on a bridge at a high rate of speed with its trunk open; that the officers turned on their blue light and pursued the red car which speeded up and went to Highway 31 and turned south, drove into the parking space at Sweet Mama's place of business located about two miles away from where they first started chasing it and parked with the front of the red car toward Highway 31; that appellant got out of the car and started walking toward Sweet Mama's; that the trunk lid of the red car was still open and contained one Eighty-Five Horsepower Mercury Outboard Motor identified as state's exhibit no. 1, and as the same motor stolen from Hendrix Marina; that the appellant together with the red automobile and its contents were taken to Prattville and turned over to the sheriff's officers. That when the red car parked at Sweet Mama's place of business, the appellant was the only person in the vehicle.
The appellant's evidence tended to prove that at about 5:30 or 6:00 and just before dark on May 6, 1978 he went to Sweet Mama's place of business on U.S. Highway 31; that between 11:00 and 12:00 he was pretty drunk, and borrowed the red car he was driving from one Roxie Tatum to go up to Hershel's Zip to buy some beer because it was cheaper there than at Sweet Mama's place; that before he got to Hershel's Zip he pulled off the road to use the rest room and just as he stopped some boys started shooting at him so he just took and made a circle and started straight back and met the county law who turned on their blue light, and he pulled in at Sweet Mama's place, and got out of the car, and was taken into custody by the officers as he was walking away from the red car; that he looked at the back of Roxie's car when he got in it and the trunk was open and he saw what looked like the Mercury Motor, but he did not know if it was the same one or not.
We hold that under the state's evidence in this record the trial court did not err when it refused to grant appellant's motion to exclude state's evidence, or when it refused to give the affirmative charge requested by the appellant. Code of Alabama, 1975, Sec. 13-3-55; Walker v. State, supra; Scott v.State, supra; Waters v. State, supra.
The appellant in his brief complains that the trial court committed reversible error in overruling his objection to the following question propounded by state's counsel to a state witness: "Is the mud on the shoes the same color as that mud?" We have searched the record and do not find an objection by the appellant to the foregoing question. Matters not objected to in the trial court cannot be considered for the first time on appeal to this Court since review on appeal is limited to those matters on which rulings are invoked in the trial court. Harrisv. State, Ala.Cr.App., 347 So.2d 1363, and numerous cases cited therein.
Next the appellant contends that the trial court erred in its oral charge to the jury when it erroneously instructed the jury as to constructive possession. The proper way to object to a portion of an oral charge given to a jury by a trial judge is to select and recite what the court said to the jury, or state the substance of what the court said, and in this way specifically bring to the attention of the trial court, and this *Page 1289 
Court, the matter and ruling complained of. We quote from the record the objection made by the appellant before the trial court.
 "MR. KENNETH SHINBAUM: Your Honor, we're going to object to the portion where you instructed them on constructive possession and you mentioned about your coat in the — back in your room. That involved the external manifestation, because you claimed it."
We hold that the foregoing objection is not sufficient to present to this Court the matter complained of. Shields v.State, 52 Ala. App. 690, 296 So.2d 786; McClary v. State,291 Ala. 481, 282 So.2d 384, on remand, 51 Ala. App. 704,282 So.2d 387; Alabama Power Company v. Smith, 273 Ala. 509,142 So.2d 228.
The appellant further contends in his brief that the trial court erred by refusing to give appellant's requested written charges nos. 12, 11, and 8.
We have reviewed the trial court's oral charge to the jury, and all given and refused written charges requested by appellant and are of the opinion that appellant's refused written charges nos. 12, 11, and 8 were properly refused under the evidence as they were substantially and fairly covered in the trial court's oral charge to the jury, or were incorrect statements of applicable law, or were substantially covered in other written charges given at the request of the appellant. Section 12-16-13, Code of Alabama 1975; Barns v. State, Ala.Cr.App., 361 So.2d 390; cert. den., Ala., 361 So.2d 396;Adair v. State, 51 Ala. App. 651, 288 So.2d 187.
No other rulings of the trial court are argued in appellant's brief.
As provided by Code of Alabama 1975, § 12-22-240, we have searched the record for any other errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328, Act No. 1051 (1973); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.