The appellant, Timothy Mark McDonald, was indicted by the Morgan County grand jury on one count of theft in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. A jury returned a verdict of guilty. Thereafter, the appellant was sentenced to five years in prison, with four years of the sentence suspended. He was also ordered to pay restitution in the amount of $20,238.70.
The appellant raises three issues on appeal.
 I
The appellant contends that the guilty verdict was contrary to the weight of the evidence and to the law. Specifically, he challenges the sufficiency of the evidence in this case to sustain a guilty verdict.
Section 13A-8-3, Code of Alabama 1975, defines the crime of theft of property in the first degree as follows:
 "(a) The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree.
 "(b) The theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree.
 "(c) Theft of property in the first degree is a Class B felony."
(Emphasis added.)
The state's evidence presented at trial tended to show the following: On February 25, 1987, the appellant was employed by Sundrop Bottling Company as a route salesman. His duties included selling and delivering Sundrop soft drinks to various retail stores in Morgan County, Alabama. Holaway's Market was a customer of Sundrop and was serviced by the appellant. Mr. William Callahan, the produce manager of Holaway's Market, testified that the management of Holaway's became suspicious that the store was being charged for soft drinks that were not being delivered. Mr. Callahan stated that he was assigned to watch the appellant while the appellant delivered soft drinks to the store. Mr. Callahan, while standing behind the meat counter, could watch the appellant as he made his delivery and stocked the rack with soft drinks. Mr. Callahan observed as the appellant made a delivery of what was supposed to be five cases. He then watched as the appellant completed his invoice *Page 261 
for the transaction. Mr. Callahan then counted the number of drinks which were actually delivered. The number actually delivered was far less than the number the store was being charged for by the appellant. The appellant had accomplished this deception by bringing empty cases into the store. These empty cases were placed under cases which actually contained soft drinks on the appellant's hand truck. It was, thus, impossible to determine that the cases below were empty without actually counting the number of soft drinks which were being placed on the shelf, which Mr. Callahan did. The account at Holaway's Market was a cash account, and before Callahan could inform the manager of the deception, the appellant had completed his invoice, had been paid, and had left the store. Upon seeing the invoice, Callahan determined that the store had been billed for, and in fact, had paid the appellant in cash for, soft drinks which were not delivered.
The evidence further tended to show that the appellant would write out an invoice after each delivery. The invoice was completed in duplicate. The original, or top copy, was white. The duplicate copy was yellow. The white copy was left with the customer, and the yellow copy was retained by the route salesman and was returned to Sundrop. Mr. Gerald Holaway, an owner of the store, testified that after he discovered that the appellant had been charging him for soft drinks that the store had not received, he had the yellow copies, which were in Sundrop's possession, compared to the white copies, which were in his possession. He found a discrepancy of $20,238.70, between the amount that the market had paid and the value of the soft drinks that had actually been delivered. Testimony further established that neither the white nor the yellow copies of the invoices had been altered during the period between the appellant's issuing them and their admission into evidence at trial.
Judge Tyson, writing for this court in Eady v. State,495 So.2d 1161, 1164 (Ala.Cr.App. 1986), held:
 "The test used to determine the sufficiency of the evidence is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978). Where there is legal evidence from which the factfinder may, by fair inference, find the accused guilty, this court will not overturn the verdict. Hughes v. State, 412 So.2d 296 (Ala.Cr.App. 1983)."
(Emphasis added in Eady).
Further, this court in Payne v. State, 424 So.2d 722, 725
(Ala.Cr.App. 1982), held:
 "Whether there is sufficient circumstantial evidence to exclude every other reasonable hypothesis but that of guilt is a question for the jury. . . . . This court must not substitute its judgment for that of the jury. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App. 1978). . . . Our duty is to 'determine if legal evidence was presented from which the jury, by fair inference could have found the defendant guilty beyond a reasonable doubt.' Citations omitted. Thomas v. State, supra."
Under the facts of this case, "legal evidence was presented from which the jury, by fair inference, could have found the [appellant] guilty beyond a reasonable doubt." We see no reason to disturb its verdict.
 II
The appellant next contends that the trial court erred in allowing into evidence the yellow invoices whose invoice numbers did not match the white original invoices. He further argues that it was error to allow the invoices into evidence under the business record exception to the hearsay rule because it was not the practice of the business to retain invoices with non-corresponding numbers.
Section 12-21-43, Code of Alabama 1975, addresses the admissibility of business records as follows:
 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction or event if it was *Page 262 
made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, 'business' shall include a business, profession, occupation and calling of every kind."
Mr. Jack Bethshares, a representative of Sundrop Bottling Company, testified at trial that the yellow copies of the invoices are kept as a part of the business records regularly maintained by Sundrop in the course of its business. Mr. Holaway testified that the white originals of the invoices were maintained by the store in the regular course of its business.
The appellant's chief contention regarding the admission of the white and yellow copies of the invoices is that the invoice numbers did not match. He argues that although both copies showed the same delivery date, they did not contain the same delivery amounts and that some had different invoice numbers stamped on them. The reason, however, for these discrepancies is clear. The appellant was completing one invoice to leave with the customer (Holaway's Market) and then, instead of turning in a true duplicate of that invoice, he would falsify a yellow "duplicate," which he would then turn into the Sundrop Bottling Company.
Our Supreme Court, in Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987), held:
 "Under the Alabama Business Record Act, Code 1975, § 12-21-43, a properly authenticated business record is admissible in evidence when a foundation, as outlined in the Code, is laid by the proponent of the evidence. Section 12-21-43 requires that it be shown (1) that the record or writing was made as a memorandum or record of an act, transaction, occurrence, or event; (2) that the record was made in the regular course of business; and (3) that it was the regular course of business to make such a memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. See also C. Gamble, McElroy's Alabama Evidence, § 254.01(3) (3d ed. 1977)."
The trial court did not err in allowing both the white originals and the yellow copies of the invoices into evidence under the business record exceptions to the hearsay rule.
 III
The appellant contends that "the trial court erred, under the best evidence rule, in allowing into evidence yellow invoices purporting to identify the number of drinks sold by the [appellant], when a daily summary sheet was prepared by the [appellant] and used as a record to assure that the retailer [Holaway's Market] and Sundrop both received what they were supposed to receive."
This issue is procedurally barred as it was never raised at the trial level. The objection to the introduction of the yellow copies of the invoices into evidence was as follows:
 "[Prosecutor]: I move to introduce State's Exhibits 1 through 10 [the yellow copies of invoices], Your Honor.
"[Defense Counsel]: We object.
"THE COURT: What ground?
 "[Defense Counsel]: Well, this goes back, Judge, to the same thing, because he is now mixed and mingled and put them all together in there, the yellows and the whites. Clearly Mr. Holaway has never had possession of the yellow documents. They are not even documents that [are] a part of his business. Those are — if they are records, they are records of Sundrop Bottling Company.
 "[Prosecutor]" Mr. Bethshares testified about all those, Judge.
"THE COURT: All right. Overruled. They are in."
This court, in Dixon v. State, 476 So.2d 1236, 1239
(Ala.Cr.App. 1985), held: *Page 263 
 "Review on appeal is limited to review of questions properly and timely raised at trial. Robinson v. State, 428 So.2d 167 (Ala.Cr.App. 1982); Streeter v. State, 406 So.2d 1024 (Ala.Cr.App.), cert. denied, Ex parte Streeter, 406 So.2d 1029
(Ala. 1981), cert. denied, Streeter v. Alabama, 456 U.S. 932, 102 S.Ct. 1984, 72 L.Ed.2d 450 (1982); Oates v. State, 375 So.2d 1285 (Ala.Cr.App. 1979); Dailey v. State, 374 So.2d 414 (Ala.Cr.App. 1979)."
Absent a timely objection stating the best evidence rule as grounds, we may not consider this issue on appeal. For the reasons above, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.