The appellant was convicted of the offense of capital murder and was sentenced to death. That conviction was reversed by this court. Tarver v. State, 492 So.2d 328 (Ala.Cr.App. 1986). A new trial was held in which the appellant was again convicted of the capital offense set out in § 13A-5-40(a)(2), Code ofAlabama (1975). The jury returned an advisory verdict recommending life without parole. Following a separate sentencing hearing, the trial court ordered that the appellant be sentenced to death by electrocution. This appeal follows. Because the pertinent facts of this offense were stated inTarver v. State, 492 So.2d 328 (Ala.Cr.App. 1986), they will not be repeated.
 I
The appellant argues that the trial court erred in allowing venire members with fixed opinions against capital punishment to be struck for cause. He claims that the exclusion of these venire members denied him the right to a fair and impartial jury. However, the United States Supreme Court has rejected this argument in Lockhart v. McCree, 476 U.S. 162,106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).
 II
The appellant contends that Alabama's capital punishment statute violates Article I, Section 11, Constitution of Alabama of 1901. However, this issue has previously been addressed and rejected by this court. Edwards v. State, 515 So.2d 86, 89
(Ala.Cr.App. 1987); Crowe v. State, 485 So.2d 351, 364
(Ala.Cr.App. 1984), reversed on other grounds, 485 So.2d 373
(Ala. 1985).
 III
The appellant argues that Alabama's capital punishment statute violates the fifth and fourteenth amendments to the United States Constitution. Specifically, he argues that this capital punishment statute constitutes cruel and unusual punishment because, he says, it does not provide proper standards and safeguards to insure that the death penalty is not inflicted arbitrarily. However, this argument has also been previously addressed and rejected. Thompson v. State,542 So.2d 1286 (Ala.Cr.App. 1988). See also Proffitt v. Florida,428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
 IV
In accordance with § 13A-5-53, Code of Alabama (1975), we have reviewed the record, including the guilt and sentencing proceedings, for any error which adversely affected the rights of the appellant, and we have found none. Nor do we find any evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor.
The trial court properly found the existence of one aggravating circumstance: that the capital offense was committed while the appellant was engaged in the commission of a robbery. § 13A-5-49(4), Code of Alabama (1975). The evidence clearly shows that the appellant robbed the victim of forty cents and forced the victim to accompany him approximately two blocks, while the victim pleaded for his life as a husband and father of three. He then intentionally shot his unarmed victim, who died approximately eight hours later during futile surgery.
The trial court also properly found the existence of one statutory mitigating circumstance: that the defendant did not have a significant history of prior criminal activity. §13A-5-51(1), Code of Alabama (1975). The trial court found the existence of several non-statutory mitigating circumstances: that the defendant is moderately retarded; that he has a long history of alcohol abuse; and that he grew up poor and in a bad home environment without any father figure and with very little parental supervision or support. However, despite the appellant's moderate retardation and history of alcohol abuse, the evidence of the circumstances of this offense, including the specific facts of its commission as related by the appellant in his statement to the police, indicate that the appellant was acting in a coldly calculating and *Page 633 
rational manner. For example, the appellant stated that he initially intended to rob the 7-11 package store, but decided to rob the victim instead, because the 7-11 was too crowded. Furthermore, in fleeing the shooting, the appellant stated that he crossed to the other side of the street because it was not as well lit and he would be less likely to be observed.
The trial judge also considered the jury's advisory verdict of life without parole, before determining that the aggravating circumstance outweighed the mitigating circumstances. A trial court is entitled to reject a jury's recommendation of life without parole and impose a death sentence. Thompson v. State, supra; Freeman v. State, 555 So.2d 196 (Ala.Cr.App. 1988);Tarver v. State, 500 So.2d 1232 (Ala.Cr.App.), affirmed,500 So.2d 1256 (Ala. 1986), cert. denied, 482 U.S. 920,107 S.Ct. 3197, 96 L.Ed.2d 685 (1987).
After an independent weighing of the aggravating and mitigating circumstances in this case, we find that the evidence supports the trial court's conclusion and indicates that death was the proper sentence. The sentence of death in this case is neither excessive nor disproportionate to the penalties imposed in similar cases, considering both the crime and the defendant. For murdering during robbery, see Acres v.State, 548 So.2d 459 (Ala.Cr.App. 1987); Baldwin v. State,456 So.2d 117 (Ala.Cr.App. 1983), affirmed, 456 So.2d 129 (Ala. 1984), cert. denied, 472 U.S. 372, 105 S.Ct. 2727,86 L.Ed.2d 300 (1985); Bell v. State, 475 So.2d 601 (Ala.Cr.App. 1984), affirmed, 475 So.2d 609 (Ala.), cert. denied, 474 U.S. 1038,106 S.Ct. 607, 88 L.Ed.2d 585 (1985).
Because the appellant's conviction and sentence of death are proper, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.