ON REMAND FROM THE ALABAMA SUPREME COURT
On original submission, we reversed the judgment in this case because we found that the initial inculpatory statement of the appellant, David Michael Carden, had been obtained by coercion, which rendered his statement and subsequent confession inadmissible. Because we reversed, we declined to address the other issues raised by the appellant on appeal. Subsequently, the Alabama Supreme Court granted the state's petition for writ of certiorari and reversed, holding that the statement and confession had not been coerced, but had been voluntarily given and that the trial court correctly denied the appellant's motion *Page 511 
to suppress. It remanded the case to us for further proceedings consistent with its opinion. 612 So.2d 506 (Ala. 1992). Because the appellant's first contention on appeal questioning the admissibility of his inculpatory statement and confession having been resolved adversely to him, we will now address the other issues that the appellant raises on appeal.
 I.
The appellant contends that the trial court erroneously refused to admit into evidence testimony about prior acts of violence committed by the victim against members of the appellant's family. We find no merit in this contention. Members of the appellant's family, as well as himself, were permitted to testify about acts of physical abuse and violence committed by the victim towards the appellant as well as towards other family members. Thus, this evidence was before the jury. We note that these alleged acts of abuse occurred more than 10 years before the murder of the victim.
We point out that even if the trial court had refused to allow the evidence, no error would have occurred, because the evidence of prior acts of violence committed by the victim in this case was irrelevant. In C. Gamble, McElroy's AlabamaEvidence § 63.01(3) (4th ed. 1991), we find the following:
 "In some cases where the accused is relying on self-defense, he will want to show that the victim had previously committed specific acts of violence towards other persons and that the accused knew of such acts. The purpose of such evidence will be to show the accused's reasonable apprehension of peril. The general rule is that such evidence is admissible if the person toward whom the violence was directed had a very close connection with the accused such that there would be a reasonable apprehension of peril on the part of the accused. It is quite clear that such violence towards other persons is not admissible if it is remote in time or lacks any connection in circumstance with the accused. [(Footnotes omitted).]"
In the instant case, the appellant did not plead self-defense. Rather, he claimed that he had "blacked out" from drinking alcohol and had no knowledge of the crime. He testified that he had no memory of going to the victim's house on the night of the crime. It is true that shortly after the appellant's arrest for having committed the crime, he confessed to killing the victim and claimed that he killed the victim in self-defense when the victim drew a pistol on him. This confession was introduced into evidence by the state in its case-in-chief. It is on the basis of this confession that the appellant raises the argument of self-defense on appeal; however, he testified at trial that he had "made up" the confession from his imagination and insisted that he had no knowledge of the crime because he says he "blacked out." Thus, in this case, evidence of prior threats or acts of violence made or committed by the victim towards the appellant or members of the appellant's family was inadmissible because the appellant did not rely on the defense of self-defense.
 II.
The appellant questions the sufficiency of the evidence to support his conviction. We find no merit in this argument. The state's evidence was sufficient for the jury to find the appellant guilty beyond a reasonable doubt of the capital offense charged in the indictment, i.e., murder committed during a robbery in the first degree, in violation of §13A-5-40(a)(2), Code of Alabama 1975. The state's evidence showed that the appellant, with an accomplice, went to the victim's house, secluded his automobile in the woods nearby, entered the victim's house, killed him by crushing his skull with a hammer, and robbed him of his billfold, a .38 caliber pistol, approximately $259, a shotgun, and his wedding band. The evidence further showed that the appellant knew that the victim, who was his stepgrandfather, did not trust banks and that he carried large sums of money on his person. The accomplice testified that the appellant was the *Page 512 
killer, and the appellant confessed to killing the victim, but claimed he did it in self-defense. The .38 caliber pistol was recovered from the appellant's house.
The appellant argues, in brief, that he is not guilty of the capital crime because the robbery was not connected with the murder, but was an "afterthought." We find no merit to this argument. See Hallford v. State, 548 So.2d 526
(Ala.Cr.App. 1988), aff'd, 548 So.2d 547 (Ala.), cert. denied,493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989);Connolly v. State, 500 So.2d 57 (Ala.Cr.App. 1985), aff'd, 500 So.2d 68 (Ala. 1986).
 "As the Alabama Supreme Court held in Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962), e'the fact that the victim was dead at the time the property was taken would not militate [against a finding] of robbery if the intervening time between the murder and the taking formed a continuous chain of events.' Clements v. State, 370 So.2d 708, 713 (Ala.Cr.App. 1978), affirmed in pertinent part, 370 So.2d 723 (Ala. 1979); Clark v. State, 451 So.2d 368, 372
(Ala.Cr.App. 1984). To sustain any other position 'would be tantamount to granting to would-be robbers a license to kill their victims prior to robbing them in the hope of avoiding prosecution under the capital felony statute.' Thomas v. State, 460 So.2d 207, 212 (Ala.Cr.App. 1983), affirmed, 460 So.2d 216 (Ala. 1984).
 "Although a robbery committed as a 'mere afterthought' and unrelated to the murder will not sustain a conviction under § 13A-5-40(a)(2) for the capital offense of murder-robbery, see Bufford v. State, [382 So.2d 1162(Ala.Cr.App.), cert. denied, 382 So.2d 1175
(Ala. 1980);] O'Pry v. State, supra [642 S.W.2d 748 (Tex.Cr.App. 1981)], the question of a defendant's intent at the time of the commission of the crime is usually an issue for the jury to resolve. Crowe v. State, 435 So.2d 1371, 1379 (Ala.Cr.App. 1983). The jury may infer from the facts and circumstances that the robbery began when the accused attacked the victim and the capital offense was consummated when the defendant took the victim's property and fled. Cobern v. State, 273 Ala. 547, 550, 142 So.2d 869, 871
(1962)."
Hallford v. State, 548 So.2d at 534.
 III.
The appellant contends that the death penalty qualification of the venire in his case violated his constitutional right to a fair trial by an impartial jury. Specifically, he argues that "excusing venirepersons who are unwilling to consider a death sentence at the penalty stage from serving as jurors at the guilt stage of a capital trial . . . unconstitutionally prejudiced his right to a fair and impartial jury at the guilt stage." In essence, he is contending that the death qualification of a jury venire in a capital case is in and of itself unconstitutional, even if the venire is death-qualified in accordance with Witherspoon v. Illinois,391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), clarified byWainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844,83 L.Ed.2d 841 (1985), and other cases prescribing guidelines for such qualifications. We find no merit in this contention. The death qualifying of a jury venire in a capital case is proper.
We note that despite the appellant's claim that he was unable to obtain a fair trial due to the death qualification of the venire, the jury in his case recommended life imprisonment without the possibility of parole. See Neelley v.State, 494 So.2d 669 (Ala.Cr.App. 1985), aff'd,494 So.2d 697 (Ala. 1986), cert. denied, 480 U.S. 926, 107 S.Ct. 1389,94 L.Ed.2d 702 (1987), wherein we held that where the jury recommends a sentence of life without parole,Witherspoon is inapplicable.
 IV.
The appellant contends that the trial court abused its discretion in admitting into evidence photographs of the murdered victim's body. He argues that the photographs were gruesome, were not probative of a disputed fact, and were calculated to inflame the passions of the jury. We find no merit in his contentions. The photographs were admissible to show the nature and extent of the victim's wounds, and they *Page 513 
tended to corroborate other evidence or testimony of witnesses, particularly that of the testifying accomplice. See Exparte Siebert, 555 So.2d 780 (Ala. 1989), cert. denied,497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 806 (1990);Magwood v. State, 494 So.2d 124 (Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 995,107 S.Ct. 599, 93 L.Ed.2d 599 (1986).
 V.
The appellant contends that the trial court committed reversible error by denying his motion for a judgment of acquittal on the ground that the state failed to sufficiently corroborate the testimony of the accomplice, Preston Ansley.
A conviction for a felony cannot be had on the testimony of an accomplice unless the testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. Code of Alabama 1975, § 12-21-222. The test for determining the sufficiency of the corroboration is a subtraction process. First, the testimony of the accomplice must be eliminated, and then if, upon examination of all the other evidence, there is sufficient evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. Ex parte Bell, 475 So.2d 609
(Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607,88 L.Ed.2d 585 (1985); Steele v. State, 512 So.2d 142
(Ala.Cr.App. 1987); McCoy v. State, 397 So.2d 577
(Ala.Cr.App.), cert. denied, 397 So.2d 589 (1981).
Without considering the testimony of the accomplice, we have examined the remaining state's evidence, as required, and find that there was sufficient corroboration tending to connect the appellant with the commission of the capital offense. This evidence of corroboration consisted of the following: The victim's pistol, which had been stolen at the time of his murder, was found in the appellant's house where the appellant had admitted, in a pretrial statement, that it would be found; the appellant confessed to killing the victim and admitted stealing the victim's pistol and shotgun; a witness observed the appellant's Cadillac automobile in the woods near the victim's house about the time of the murder-robbery; and two men were observed by witnesses running from the direction of the victim's house about the time of the commission of the crime, and one was carrying what appeared to be a shotgun. We find that this evidence, apart from the accomplice's testimony, connected the appellant with the commission of the crime.
 VI.
Last, the appellant contends that the Alabama death penalty statute is unconstitutional. He argues that the statute constitutes cruel and unusual punishment because it provides only for a sentence of death or of life imprisonment without the possibility of parole; that the statute subjects a defendant to double jeopardy because there is the possibility of a defendant's receiving the death penalty from either the jury or the trial court; and that the statute allows the court to sentence a defendant to death despite a jury's finding that the defendant is not guilty of aggravating circumstances. We find no merit in these arguments.
As to the appellant's first argument, the statute has been upheld against constitutional challenges that it constitutes cruel and unusual punishment. See Tarver v. State,553 So.2d 631 (Ala.Cr.App.), aff'd, 553 So.2d 633 (Ala. 1989), cert. denied, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966
(1990), and cases cited therein; Thompson v. State,542 So.2d 1286 (Ala.Cr.App. 1988) aff'd, 542 So.2d 1300 (Ala.), cert. denied, 493 U.S. 874, 110 S.Ct. 208, 107 L.Ed.2d 161
(1989). See also Proffitt v. Florida, 428 U.S. 242,96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
As to the second argument that the statute subjects the appellant to double jeopardy, the appellant misreads the statute. Under the statute, only the trial court can impose a death sentence; the jury can only recommend either death or life without parole. Double jeopardy is not involved. SeeFord v. State, 515 So.2d 34 (Ala.Cr.App. 1986), aff'd,515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079, *Page 514 
108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988), and cases cited therein. Moreover, we note that the appellant was sentenced to life imprisonment without parole.
As to his third argument, the override provision of the statute has been upheld against numerous constitutional challenges. See Tarver v. State; Hooks v. State,534 So.2d 329 (Ala.Cr.App. 1987), aff'd, 534 So.2d 371 (Ala. 1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005
(1989). Furthermore, the statute, in allowing the jury and the trial court to find, as an aggravating circumstance for sentencing purposes, the same aggravating circumstance alleged in the indictment is not unconstitutional. Ford v.State. Finally, we note that this argument was rendered moot by the appellant's sentence of life imprisonment without parole.
We find no merit to the appellant's argument that the statute is unconstitutional because, allegedly, it does not require that the state prove beyond a reasonable doubt the existence of sufficient aggravating circumstances to outweigh the existing mitigating circumstances. This argument is contrary to the express provisions of the statute, a statute which has been upheld numerous times against constitutional attack as to its sentencing scheme. Finally, we note that the appellant was sentenced to life imprisonment without parole, which rendered his argument moot in this regard. The jury in recommending life without parole and the trial court in accepting the recommendation and sentencing the appellant accordingly must have determined that the mitigating circumstances outweighed the aggravating circumstances.
For the above reasons, we find that the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.[1]
[1] Judge Montiel did not sit during oral argument; however, he has listened to the tape of that argument.