21 So.3d 755 (2007)
Christopher McCULLOUGH
v.
STATE of Alabama.
CR-06-1311.
Court of Criminal Appeals of Alabama.
November 2, 2007.
Rehearing Denied December 14, 2007.
*756 T. Robin McIntyre, Dadeville, for appellant.
Troy King, atty. gen., and Marc S. Bass, asst. atty. gen., for appellee.
BASCHAB, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN, SHAW, and WISE, JJ., concur.
WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
Christopher McCullough appealed from his conviction for second-degree burglary, a violation of § 13A-7-6(b), Ala.Code 1975. He argued on appeal, as he did at trial, that there was absolutely no evidence presented to corroborate the testimony of his accomplice, Billy Norris. McCullough presented this argument at trial in a motion to strike the testimony of Billy Norris, his accomplice, because it was not corroborated and in his motion for a judgment of acquittal. These motions were denied by the trial court. Specifically, McCullough contends that he cannot be convicted based solely upon the uncorroborated testimony of his accomplice, Norris. The majority affirms McCullough's conviction, holding that Norris's testimony was corroborated by the testimony of Myrtle Burdell, the victim, and the testimony of Deputy Sheriff Angela Spates. I respectfully dissent.
Eighty-three-year-old Burdell testified that she was awakened at approximately 11:00 p.m. the night of March 8, 2002, when her doorbell rang. Without turning on a lamp, she went into her living room, where she was standing when she heard her back door being kicked open. She screamed, and the two intruders who had entered her house left her house running through the broken doorway. She testified that on the morning of March 8, 2002, she had gone to the "Chicken Stop" fast-food restaurant and "I held the door open for a young man. That could easily have been [McCullough]." (R. 24.) Burdell's opinion was that the intruders must have followed her home from the Chicken Stop. However, her unequivocal testimony was that she was unable to identify McCullough as one of the men who had broken into her home. She stated that the men wore jackets and "[t]hey could have had a ski mask on," but she testified that there was, "[n]o way [she] could identify them." (R. 26.)
Deputy Spates testified that she was dispatched to Burdell's house in response to the burglary. She testified that Burdell's house was on the edge of a golf course and that the back door of Burdell's house had been kicked in.
Billy Norris, the accomplice, testified that he was currently in prison following his conviction based on the incident at Burdell's house on the night of March 8, 2002. He testified as follows. He and McCullough decided to burglarize Burdell's house. Norris said that he was wearing Timberland brand boots, a black shirt, black pants with yellow stitching, and a blue bandana. McCullough was wearing a ski mask. They went to the back door and rang the door bell to see if anyone was home. Believing that no one was home, Norris kicked open the back door, and they both entered the house. Norris said someone said, "get out of my house," and they both ran out of the house and across the golf course to their parked car. Norris further testified that he did not know Burdell and had never seen her before his court appearance on the charge stemming from the incident.
In response to McCullough's motion to strike Norris's testimony, the trial court *757 ruled "that there is such testimony from the victim to corroborate the testimony of the accomplice." (R. 44.) In response to McCullough's motion for a judgment of acquittal, the trial court ruled that "based on the testimony of the victim in this case, specifically her testimony as to the fact that she identified that she could have possibly seen the alleged perpetrator of the crime that day and that he possibly followed her home and then perpetrated the crime" Norris's testimony was sufficiently corroborated. (R. 46.)
Unlike the majority, I do not believe that Norris's testimony was sufficiently corroborated to sustain a conviction for second-degree burglary.
"A conviction for a felony cannot be had on the testimony of an accomplice unless the testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. Code of Alabama 1975, § 12-21-222. The test for determining the sufficiency of the corroboration is a subtraction process. First, the testimony of the accomplice must be eliminated, and then if, upon examination of all the other evidence, there is sufficient evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration."
Carden v. State, 612 So.2d 509, 513 (Ala. Crim.App.1992) (citations omitted).
To prove a prima facie case of second-degree burglary, the State had to present evidence showing that McCullough "unlawfully enter[ed] a lawfully occupied dwelling-house with intent to commit a theft or a felony therein." § 13A-7-6(b), Ala.Code 1975. I do not believe that the State presented any nonaccomplice evidence that connected McCullough to the crime or that corroborated Norris's testimony. In my opinion, the testimony of both Burdell and Deputy Spates merely showed that the offense occurred and the circumstances of the offense. See § 12-21-222, Ala.Code 1975. Moreover, I do not agree with the trial court's finding that Burdell's testimony that McCullough "could have" been the man she held a door open for at the Chicken Stop restaurant and that the man could have followed her home corroborated Norris's testimony. (R. 24.)
"Q. [The prosecutor:] Do you know that young man [referring to McCullough]?
"A. [Burdell:] You know, the day that that happened, I went to the Chicken Stop that morning, and I held the door open for a young man. That could have easily been him.
"Q. Okay.
"A. And they followed me home.
"Q. But you don't know his name?
"A. That morning I think they knew where I lived. No, I can't identify him really."
(R. 24.)
It is clear from the context of Burdell's entire testimony that the above was not meant as an assertion that McCullough was the man at the Chicken Stop nor an assertion that a man from the Chicken Shop did follow her home; it was merely Burdell's hypothesis that the man from the Chicken Shop was responsible for the burglary. Thus, I do not believe this testimony  which is merely conjecture  can serve as corroboration of accomplice testimony.
Because I do not believe that there was testimony, other than from the accomplice, that connected McCullough to the commission of the offense, I believe the trial court erred by denying McCullough's objection to the lack of corroborating evidence to support Norris's testimony. Therefore, I *758 would reverse McCullough's conviction and render a judgment of acquittal in his favor.